UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAIMI SHOAGA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>ANDREW NELSON III; CALIFORNIA HEALTH CARE MEDICAL FACILITY,<br><br>　　　　Defendants. | No. 2:21–cv–1953–JAM-CKD<br><br>ORDER & FINDINGS AND RECOMMENDATIONS ON PLAINTIFF'S IFP REQUEST<br><br>(ECF No. 2) |

Presently pending before the court is plaintiff's motion for leave to proceed in forma pauperis ("IFP") in his employment discrimination case against his current employer. (ECF No. 2.) See 28 U.S.C. § 1915 (authorizing the commencement of an action "without prepayment of fees or security" by a person that is unable to pay such fees).[1]

The affidavit in support of the motion indicates that plaintiff's net wages are $4,257 per month, i.e. $51,084 annually. (ECF No. 2 at 1.) In addition, plaintiff attests that he also receives $1,100 in Social Security benefits each month, i.e. $13,200 annually. (Id. at 2.) Thus, plaintiff's total net annual income is $64,284. In addition, plaintiff states that he has $800 in liquid assets. (Id.) Meanwhile, plaintiff indicates that he is not married, has no dependents, and has monthly expenses totaling somewhere around $1,790. (Id. at 2-3 (noting "varies" for certain expenses).)

---

[1] Because plaintiff is self-represented, all pretrial proceedings in the case are referred to a magistrate judge pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 302(c)(21).

1

According to the United States Department of Health and Human Services, the current poverty guideline for a household of one (not residing in Alaska or Hawaii) is $12,880.00.  See https://aspe.hhs.gov/poverty-guidelines.  As plaintiff's net household income is almost five times the 2021 poverty guideline—and his monthly net income exceeds his expenses by approximately $3,500—the court cannot find plaintiff unable to pay the $402 filing fee to bring this suit.  See Escobedo v. Applebees, 787 F.3d 1226, 1234 (9th Cir. 2015) (to proceed IFP, plaintiff need not demonstrate that he is completely destitute, but he must show that because of his poverty, he "cannot pay the court costs and still afford the necessities of life") (citing Adkins v. E.I. DuPont de Nemours & Co., 335 U.S. 331, 339-40 (1948)).

To be sure, the court is sympathetic to the fact that plaintiff does not have a large income, and that plaintiff also has several expenses to manage.  However, numerous litigants in this court have significant monthly expenditures, and may have to make difficult choices as to which expenses to incur, which expenses to reduce or eliminate, and how to apportion their income between such expenses and litigating an action in federal court.  Such difficulties in themselves do not amount to indigency.  Thus, the court recommends plaintiff's IFP motion be denied.  See Tripati v. Rison, 847 F.2d 548 (9th Cir. 1988) (absent consent of all parties, magistrate judge lacks authority to issue dispositive order denying in forma pauperis status).

Presently, a filing fee of $402.00 is required to commence a civil action in this court. Upon receipt of the payment of this fee, the court would then issue the summons and appropriate case initiating orders for plaintiff to serve process on defendants and prosecute his case.

**ORDER**

In light of the findings and recommendations below, all pleading, discovery, and motion practice in this action are stayed pending resolution of the findings and recommendations.  Except for payment of the filing fee, objections to the findings and recommendations, or any non-frivolous motions for emergency relief, the court will not entertain or respond to any motions or other filings until the findings and recommendations are resolved.

////

////

**RECOMMENDATIONS**

For the above reasons, the undersigned RECOMMENDS:

1. Plaintiff's IFP request (ECF No. 2) be DENIED;

2. Plaintiff be required to pay the $402 filing fee within 30 days of the date of the District Judge's order if he adopts these findings and recommendations; and

3. Plaintiff be warned that failure to pay the filing fee, or timely request an extension of time to do so, will result in dismissal of the case under Federal Rule of Civil Procedure 41(b).

These findings and recommendations are submitted to the District Judge assigned to the case, pursuant to 28 U.S.C. § 636(b)(1). No objections period is required for IFP denials. Minetti v. Port of Seattle, 152 F.3d 1113, 1114 (9th Cir. 1998), as amended (Sept. 9, 1998) ("[Plaintiff] was not entitled to file written objections to the magistrate judge's recommendation that [his] application to proceed in forma pauperis be denied.").

Dated: November 29, 2021

_/s/ Carolyn K. Delaney_
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

19.shoa.1953

3