UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAIMI SHOAGA, | No. 2:21-cv-01953 JAM CKD PS |
| Plaintiff, | |
| v. | <u>PROVISIONAL ORDER</u> |
| ANDREW NELSON III et al., | |
| Defendants. | |

Plaintiff is proceeding pro se.  This matter was referred to the undersigned in accordance with Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).  Plaintiff asserts employment-related claims against defendants Andrew Nelson III and California Healthcare Medical Facility (CHMF).  One month after filing the original complaint, plaintiff filed a First Amended Complaint ("FAC," ECF No. 3), which was served on defendants.  Defendants have filed a motion to dismiss the FAC, which is fully briefed.  (ECF Nos. 9, 13 & 14.)

On May 11, 2022, a virtual hearing was held on defendants' motion.  Deputy Attorney General James Curran appeared on behalf of defendants.  Due to technical difficulties, plaintiff did not appear at the Zoom hearing until the matter was already submitted.[1]  For the reasons

---

[1] Because plaintiff attempted to attend the virtual hearing, the court issues this order as "provisional" so that he has a chance to respond with any objections within 14 days.  Though this is not standard procedure, the court will take any objections into account before issuing a final order on the motion.

1

explained below, the undersigned finds that the FAC should dismissed with leave to amend.

I.   The FAC

The FAC alleges as follows: Plaintiff worked as a radiologic technologist at CHMF in Stockton, California.[2] (FAC at 2.) He has over twenty years' experience as a radiographer, having worked in major hospitals and clinics before joining CHMF in 2016. (Id. at 4.)

In 2017, after the senior radiologic technologist resigned, defendant radiology manager Nelson chose a replacement for the job who "does not meet the qualification of Snr Rad Tech," was not a state employee at the time, and had not completed any probationary period. (FAC at 2-3.) "[T]here was no selection process to his appointment, as this was not posted in the job bulletin and institutional e-mail" as required by state regulations. (Id. at 3.) The person hired for the position "does not have a Fluoroscopy License" as required for the position of senior radiologic technologist. (Id.)

Plaintiff was the only state radiologic technologist at CHMF during this period. (Id. at 3.) The "malicious unfair hiring" of the less-qualified worker over plaintiff resulted in economic loss and emotional harm. (Id.) Plaintiff also alleges a "pattern of abuse" and unfairness by CHMF workers. (Id.) A non-defendant manager took over from Nelson and appointed another employee, also less qualified than plaintiff, to the position of senior radiologic technologist. (Id. at 3-4.)

Plaintiff asserts claims of discrimination based on age and national origin, unpaid overtime wages, harassment, intentional and negligent infliction of emotional distress, failure to promote, violation of federal employment regulations, and nepotism. (Id. at 4-6.) He seeks an injunction requiring Nelson to permanently "stay away from plaintiff"; $800,000 in damages for mental distress; and damages for unpaid wages. (Id. at 6.)

////

////

---

[2] Defendant avers that the California Department of Corrections and Rehabilitation (CDCR) operates CHMF, which provides medical care and mental health treatment to inmates who have severe and long-term needs. (Motion to Dismiss ("MTD"), ECF No. 9 at 3.)

II.     Motion to Dismiss

In order to survive dismissal for failure to state a claim pursuant to Rule 12(b)(6), a complaint must contain more than a "formulaic recitation of the elements of a cause of action"; it must contain factual allegations sufficient to "raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007).  "The pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." Id., quoting 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004).  "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

A. Age Discrimination

Plaintiff appears to assert age discrimination claims against defendants Nelson and CHMF under Title VII of the Civil Rights Act.  As another court in this district has stated, "Title VII applies only to 'claims for employment discrimination based on 'race, color, religion, sex, or national origin.'" Walker v. U.S. Dept. of Commerce, 2012 WL 1424495, *6 (E.D. Cal. April 24, 2012), citing Ahlmeyer v. Nevada Sys. of Higher Educ., 555 F.3d 1051, 1058 (9th Cir. 2009). Thus, plaintiff's purported Title VII claims of age discrimination must be dismissed.

Insofar as plaintiff seeks to sue under the Age Discrimination in Employment Act of 1967 ("ADEA")," the claims are not cognizable because individuals cannot bring actions under the ADEA against states that have not waived sovereign immunity.  The Ninth Circuit has explained that

> state employees, in practice, cannot sue under the ADEA[.] In Kimel [v. Fla. Bd. of Regents, 528 62, 91 (2000)], the Supreme Court held that 'in the ADEA, Congress did not validly abrogate the States' sovereign immunity to suits by private individuals,' and thus, state employers could not be sued by state employees under the ADEA. [Citation omitted.]  This holding, combined with the fact that the ADEA does not allow suits against individuals (and thus does not allow suits against state officials or supervisors), means that state employees may not bring claims under the ADEA.

3

Stilwell v. City of Williams, 831 F.3d 1234, 1245 (9th Cir. 2016), citing Ahlmeyer, 555 F.3d at 1060. See also Miller v. Maxwell's Int'l Inc., 991 F.2d 583, 587-88 (9th Cir. 1993) (no individual liability for claims under the ADEA). Here, defendant CDCR/CHMF has not waived its immunity against ADEA claims, nor does plaintiff allege that it has done so. Plaintiff's complaint that his supervisor, Nelson, promoted a less-qualified individual for a state job is not actionable under the ADEA. Thus, plaintiff's ADEA claim is subject to dismissal.

### B. National Origin Discrimination

A Title VII national origin discrimination claim "arises when discriminatory practices are based on the place in which one's ancestors lived." Dawavendewa v. Salt River Project Agr. Imp. and Power Dist., 154 F.3d 1117, 1119 (9th Cir. 1998). In the FAC, plaintiff does not identify his national origin and alleges no facts to make out a claim of national original discrimination. Moreover, as to defendant Nelson, a Title VII claim cannot be brought against an individual defendant unless that person was plaintiff's employer. Miller, 991 F.2d at 587-88. Plaintiff has not alleged that Nelson was his employer, merely his supervisor. Thus, plaintiff's national origin claim is subject to dismissal.

### C. Other Claims

Plaintiff's third cause of action is "Unpaid Overtime Wages." (FAC at 3.) Plaintiff asserts no legal basis for this claim, but merely alleges that defendant Nelson "failed to approve" 16 hours of overtime that plaintiff worked in 2017 or 2018. (FAC at 4.) Under California law, absent a statute declaring liability for a public entity such as CDCR/CHMF, there can be no liability for tortious acts or omissions. See Cal. Gov. Code § 815 (except as otherwise provided by statute, a public entity is not liable for an injury, whether such injury arises out of an act or omission of the public entity or a public employee or any other person); Williams v. Horvath, 16 Cal. 3d 834, 838 (1976) ("Government Code section 815 restores sovereign immunity in California except as provided in the Tort Claims Act or other statute."). Because plaintiff does not assert a statutory or factual basis for his unpaid overtime claim, this claim is subject to dismissal.

Plaintiff's fourth, fifth, eighth, and tenth causes of action consist of short phrases and fail

to assert a statutory or factual bases for liability. In Claim 4, "Nelson violated plaintiff's right to work in a peaceful environment free of harassment." (FAC at 5.) In Claim 5, Nelson "engage[d] in unproductive mini conferences." (Id.) Claim 8 reads in its entirety: "Failure to promote plaintiff." (Id. at 5.) Claim 10 reads simply "nepotism." (Id.) These brief assertions with no legal or factual support are not cognizable claims. Insofar as plaintiff is asserting them under Title VII, there is no individual liability for non-employer Nelson, as set forth above. Thus, these claims must be dismissed.

Similarly, plaintiff's sixth and seventh causes of action (intentional and negligent infliction of emotional distress) are not cognizable based on the brief and conclusory facts alleged in the FAC. Moreover, plaintiff has not alleged compliance with the California Tort Claims Act (TCA). The state Legislature has provided a remedy for tort claims against public officials in the California Government Code, §§ 900, et seq.. Under the TCA, causes of action claiming wrongful acts of a public employee committed while acting within the scope of employment must be presented to the Department of General Services before filing an action. Meester v. Davis, 11 Cal. App.3d 342, 348 (1970) (under the TCA, "a claim specifying the alleged wrongful acts of a public employee committed while acting within the scope of his employment must be presented to the public entity and to the individual employee as a condition precedent to filing an action."). Plaintiff has not alleged facts demonstrating or excusing compliance with the TCA's claim presentation requirement. These claims, too, are subject to dismissal.

Finally, in his ninth cause of action, plaintiff asserts that Nelson "undermin[ed] EEOC and EOE Rules and Regulations" by "micromanaging the agency." (FAC at 3.) As above, this brief, vague claim lacks factual and legal support. Thus, the FAC is subject to dismissal for failure to state a claim.

### III. Leave to Amend

If the court finds that a complaint should be dismissed for failure to state a claim, the court has discretion to dismiss with or without leave to amend. Lopez v. Smith, 203 F.3d 1122, 1126-30 (9th Cir. 2000) (en banc). Leave to amend should be granted if it appears possible that the defects in the complaint could be corrected, especially if a plaintiff is pro se. Id. at 1130-31; see

also Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995) ("A pro se litigant must be given leave to amend his or her complaint, and some notice of its deficiencies, unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.") (citing Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987)). Here, plaintiff will be granted an opportunity to amend the complaint.

If plaintiff chooses to amend the complaint, plaintiff must set forth the jurisdictional grounds upon which the court's jurisdiction depends. Federal Rule of Civil Procedure 8(a). Further, plaintiff must demonstrate how the conduct complained of has resulted in a deprivation of plaintiff's rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

Accordingly, IT IS HEREBY PROVISIONALLY ORDERED that:

1. Defendants' motion to dismiss (ECF No. 9) is granted;

2. The FAC is dismissed for failure to state a claim;

3. Plaintiff is granted thirty days from the date of service of the **final order** to file an amended complaint that complies with the requirements of the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned this case and must be labeled "Second Amended Complaint"; failure to file an amended complaint will result in a recommendation that this action be dismissed.

////

////

////

4.  Within fourteen days after being served with this provisional order, plaintiff may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Provisional Order."

Dated:  May 12, 2022

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

2 / shoaga1953.mtd