UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAIMI SHOAGA, | No. 2:21-cv-01953 KJM CKD PS |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| ANDREW NELSON III et al., | |
| Defendants. | |

In this fee-paid action, plaintiff Shoaga, proceeding pro se, asserts claims against defendants Andrew Nelson III and California Healthcare Medical Facility (CHMF). On June 1, 2022, the undersigned dismissed plaintiff's First Amended Complaint (FAC) for failure to state a claim and granted leave to amend.[1] Plaintiff filed a Second Amended Complaint (SAC), and defendants moved to dismiss it.

Before the court is defendants' motion to dismiss the SAC, which is fully briefed. (ECF Nos. 20, 23 & 24.) On July 27, 2022, the undersigned held a hearing on the motion, with plaintiff appearing pro se and James Curran appearing for defendants. As plaintiff had prepared a written

---

[1] Due to technical difficulties, plaintiff was unable to attend the Zoom hearing on the motion to dismiss the FAC. As a result, the undersigned issued a provisional order allowing him to file objections. (ECF No. 16.) After plaintiff filed objections (ECF No. 17), the final order issued. (ECF No. 18.)

1

statement, the court directed him to submit it and allowed defendants to file a brief response. Plaintiff's and defendants' hearing statement and response are now docketed, and the court has reviewed them. (ECF Nos. 27 & 29.) For the reasons explained below, the undersigned will recommend that all claims be dismissed with prejudice except the failure to promote claim against CHMF, which should be dismissed with leave to amend.

I. The SAC

Like the FAC, the SAC alleges that plaintiff worked as a radiologic technician at CHMF in Stockton, California in 2016 and has over 20 years' experience as a radiographer.[2] (SAC ¶ 7.) In 2017, after the senior radiologic technologist resigned, defendant radiology manager Nelson chose a replacement for the job "who does not meet the qualification of Snr Rad Tech," was not a state employee at the time, and had not completed any probationary period. (SAC ¶ 8.) The job opening was not posted in the job bulletin and institutional email as required by state regulations. (SAC ¶ 9.) The person hired for the position "does not have a Fluoroscopy License" as required for the position of senior radiologic technologist. (SAC ¶ 10.) Plaintiff was the only state radiologic technician at CHMF during this period. (SAC ¶ 12.) Plaintiff alleges that there "was no other basis for this hiring other than to unjustifiably replace" him due to age and national origin, and that the "facts and circumstances . . . establish[] a *prima facie* case of discrimination." (SAC ¶ 11.)

As in the FAC, plaintiff asserts claims of discrimination based on age and national origin, unpaid overtime wages, harassment, intentional and negligent infliction of emotional distress, failure to promote, violation of federal employment regulations, and nepotism. (SAC ¶ 13.)

II. Motion to Dismiss

In order to survive dismissal for failure to state a claim pursuant to Rule 12(b)(6), a complaint must contain more than a "formulaic recitation of the elements of a cause of action"; it must contain factual allegations sufficient to "raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007). "The pleading must contain something

---

[2] As noted in the order dismissing the FAC, the California Department of Corrections and Rehabilitation (CDCR) operates CHMF.

more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." Id., quoting 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

### A. Age Discrimination

In its order dismissing the FAC, the court explained that plaintiff's age discrimination claim against CDCR was not cognizable because individuals cannot bring actions under the ADEA against states that have not waived sovereign immunity. Stilwell v. City of Williams, 831 F.3d 1234, 1245 (9th Cir. 2016), citing Ahlmeyer, 555 F.3d at 1060.

In the SAC, plaintiff cites Mount Lemon Fire District v. Guido, 139 S.Ct. 22 (2018) for the proposition that the ADEA applies to all public employers, and argues that his ADEA claim against CDCR is viable. However, while Mount Lemon held that state and local governments are "employers" covered by the ADEA regardless of their size, it did not address sovereign immunity. As before, defendants aver that CDCR has not waived sovereign immunity, and plaintiff does not allege that it has. Thus, the SAC fails to cure the defects of plaintiff's previous ADEA claim against CDCR.

In its previous order, the court also pointed out that an ADEA claim cannot be brought against an individual defendant such as Nelson. See Miller v. Maxwell's Int'l Inc., 991 F.2d 583, 587-88 (9th Cir. 1993) (no individual liability for claims under the ADEA). Because the SAC fails to cure this defect, plaintiff's ADEA claims against both defendants should be dismissed.

### B. National Origin Discrimination

Under Title VII of the Civil Rights Act, it is unlawful for an employer to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment because of his race, color, religion, sex, or national origin. A Title VII national origin discrimination claim "arises when discriminatory practices are based on the place in which

3

one's ancestors lived." Dawavendewa v. Salt River Project Agr. Imp. and Power Dist., 154 F.3d 1117, 1119 (9th Cir. 1998).

In its order dismissing the FAC, the court observed that plaintiff did not identify his national origin and alleged no facts to make out a claim of national original discrimination. Similarly, in the SAC, plaintiff does not identify his national origin or allege any facts linking CDCR's alleged hiring of a less qualified individual to plaintiff's national origin. In his opposition to the motion to dismiss, plaintiff asserts that he "is of a foreign national origin (Nigerian)." (ECF No. 23 at 11.) However, plaintiff nowhere alleges facts suggesting that CDCR's hiring decision was motivated by anti-Nigerian animus.

The court's previous order also explained that a Title VII claim cannot be brought against an individual defendant unless that person was plaintiff's employer. See Miller, 991 F.2d at 587-88. As before, plaintiff has not alleged that Nelson was his employer, merely his supervisor. Thus, plaintiff's national origin claims fail to cure the defects of the FAC and are subject to dismissal.[3]

### C. Fair Labor Standards Act

Plaintiff next claims that CDCR violated the Fair Labor Standards Act (FSLA) by failing to compensate him for overtime hours worked in 2017 and 2018. (SAC ¶40.) Like the ADEA claim, this claim against the state is barred by the doctrine of sovereign immunity and subject to dismissal. See Gonzalez v. Mayberg, 398 Fed. Appx. 318 (9th Cir. Oct. 7, 2010) (district court properly dismissed the appellants' claims under the FLSA because the defendants are immune under the Eleventh Amendment), citing Alden v. Maine, 527 U.S. 706, 758 (1999) (state immune under the Eleventh Amendment from action brought under the FLSA).

### D. Hostile Work Environment

Plaintiff next brings a hostile work environment claim, alleging that he

> suffered numerous acts of unwelcome treatment in the work environment including but not limited to being replaced by a less qualified individual without justification and being made to work

---

[3] Insofar as plaintiff seeks to bring other Title VII claims against defendant Nelson (i.e., hostile work environment and failure to promote), this principle applies to them also.

> overtime without proper compensation . . . in addition to being made to partake in unproductive meetings that were directly intended to burden the Plaintiff and belittle them based on their age and national origin.

(SAC ¶ 46.)

To prevail on a Title VII hostile workplace claim premised on either race or sex, a plaintiff must show: (1) that he was subjected to verbal or physical conduct of a racial or sexual nature; (2) that the conduct was unwelcome; and (3) that the conduct was sufficiently severe or pervasive to alter the conditions of the plaintiff's employment and create an abusive work environment. Vasquez v. City of Los Angeles, 349 F.3d 634, 642 (9th Cir. 2003).

As in the FAC, plaintiff's allegations are too vague and conclusory to state a hostile work environment claim. In the Ninth Circuit, hostile work environment harassment consists of "slurs, insults, jokes or other verbal comments or physical contact or intimidation of a racial nature." See Ninth Circuit Model Jury Instructions, No. 10.5. The SAC cites an adverse hiring decision, unpaid overtime, and "unproductive meetings," but none of these amount to "verbal or physical conduct of a racial . . . nature."[4] In the absence of any allegation of racial or national origin-based animus in the workplace, plaintiff's hostile environment claim against CDCR is not cognizable.

### E.  Emotional Distress

In its previous order dismissing the FAC, the court explained that plaintiff's claims for intentional and negligent infliction of emotional dismiss were subject to dismissal because the FAC did not allege facts demonstrating or excusing compliance with the California Tort Claims Act's (CTCA) claim presentation requirement. The SAC does not cure this defect, and plaintiff's brief does not address it. Thus, these claims are subject to dismissal.

### F.  Failure to Promote

Plaintiff asserts a failure to promote claim under Title VII. The claim is based on CDCR's alleged hiring of a less-qualified person for the job of senior radiologic technologist in 2017. In

---

[4] In his opposition to the motion, plaintiff asserts that "an irresponsible employee of CHCF . . . told the plaintiff he smells for no reason and subjected the Plaintiff to unequal treatment on the basis of his national origin." (ECF No. 23 at 14.) Plaintiff does not allege any workplace insults in the SAC, however, and the second part of the statement is vague and conclusory.

opposition to the motion to dismiss, plaintiff asserts that "[n]ew evidence shows that the Lead Tech Position has been filled three times since the initial filing of the instant complaint." (ECF No. 23 at 6.)

In order to make prima facie case for a Title VII failure to promote claim, a plaintiff must show that (1) he belongs to a protected class; (2) he applied for and was qualified for the position he was denied; (3) he was rejected despite his qualifications; and (4) the employer filled the position with an employee not of plaintiff's class, or continued to consider other applicants whose qualifications were comparable to plaintiff's after rejecting plaintiff. Henry v. McDonough, 2021 WL 6052409, **8-9 (D. Hawai'i Dec. 21, 2012), citing Dominguez-Curry v. Nevada Transp. Dept., 424 F.3d 1027, 1037 (9th Cir. 2005).

As a precondition to filing a Title VII claim in federal court, a plaintiff must first pursue available administrative remedies and file a timely complaint with the EEOC. Deravin v. Kerik, 335 F.3d 195, 200 (2nd Cir. 2003). Pursuant to 42 U.S.C. § 2000e-5(e)(1), a Title VII plaintiff must file a charge with the EEOC within 300 days "after the alleged unlawful employment practice occurred" if it occurred in a State that has an entity with the authority to grant or seek relief with respect to the alleged unlawful practice and the employee initially filed a grievance with that agency. Nat'l R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 109 (2002). A claim is time-barred if it is not filed within this time limit. Id. Where a claim is based on discrete acts, "[a] discrete retaliatory or discriminatory act 'occurred' on the day that it 'happened[ ]'" and therefore, a party "must file a charge within . . . 300 days of the date of the act or lose the ability to recover for it." Id. at 110.

The SAC does not allege that plaintiff filed a charge with the EEOC about CDCR's failure to promote him. However, in his hearing statement, plaintiff asserts: "This case started out with in house local union here at CHCF, then it was lodged with the Dept. of Fair Employment and Housing . . . in Elk Grove." (ECF No. 27.) He attaches an August 2021 letter from the EEOC on Charge No. 37A-2020-03653 and earlier correspondence with the EEOC about the charge. Plaintiff also attaches a letter from the Department of Fair Employment and Housing which references EEOC No. 37A-2020-03653C. He also attaches copies of a CDCR "discrimination

6

complaint form" and his accompanying statement that defendant Nelson nominated "our temporary tech whom I trained" to be the Lead Tech. Plaintiff does not attach the actual EEOC charge, or any complaint field with DFEH.

Defendants argue that the incomplete materials attached to plaintiff's hearing statement show that any Title VII claims in the SAC are time-barred, as plaintiff claims he was passed over for promotion in 2017 and the unspecified EEOC charge (with 2020 in the number, indicating it was filed that year) was filed outside the 300-day limitations period. Defendants' point is well-taken; however, without access to the actual EEOC charge, and in the absence of any explanation why plaintiff filed it in 2020, the undersigned is reluctant to conclude that plaintiff's failure to promote claim is time-barred.

The SAC does not allege the elements of a failure to promote claim sufficient to state a cognizable claim, and it is not clear whether any such claim would be precluded by failure to exhaust administrative remedies, or time-barred. However, in light of plaintiff's pro se status and membership in a protected class, one final leave to amend this claim against defendant CDCR is warranted. If plaintiff files a Third Amended Complaint bringing this claim, he should attach all related EEOC paperwork, including the charge itself, and explain why he filed the EEOC charge when he did. As explained above, plaintiff cannot bring a Title VII claim against his supervisor, Nelson.

G. Other Claims

Plaintiff's remaining two claims, "violation of EEOC and EOE Rules and Regulations" and nepotism, should be dismissed for failure to state a claim, as set forth in the court's order dismissing the FAC. Nor should plaintiff be allowed to amend with a new claim of "conversion," as he requests in the hearing statement, based on a CDCR employee's alleged theft of some personal items. After two opportunities to amend, all of plaintiff's claims except the failure to promote claim against CDCR should be dismissed with prejudice.

////

////

////

Accordingly, IT IS HEREBY RECOMMENDED THAT:

1. Defendants' motion to dismiss the SAC (ECF No. 20) be GRANTED IN PART and DENIED IN PART;

2. All claims in the SAC be dismissed with prejudice <u>except</u> the failure to promote claim against defendant CHMF/CDCR; and

3. If the district judge adopts these recommendations, the undersigned will give plaintiff thirty days to file a Third Amended Complaint setting forth his failure to promote claim against defendant CHMF/CDCR.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  August 16, 2022

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

2 / shoaga1953.mtd_SAC