UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAIMI SHOAGA,<br><br>  Plaintiff,<br><br>  v.<br><br>ANDREW NELSON III, et al.,<br><br>  Defendants. | No. 2:21-cv-01953-DAD-CKD (PS)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND GRANTING MOTION TO DISMISS, IN PART<br><br>(Doc. Nos. 20, 30) |

Plaintiff Raimi Shoaga, proceeding *pro se*, initiated this civil action on October 21, 2022. (Doc. No. 1.)  This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On August 16, 2022, the assigned magistrate judge issued findings and recommendations recommending that defendants' motion to dismiss (Doc. No. 20) be granted in part, because plaintiff's second amended complaint fails to state any cognizable claim against his supervisor, defendant Nelson, and his employer, defendant California Healthcare Medical Facility ("CHMF"), which is operated by the California Department of Corrections and Rehabilitation ("CDCR").  (Doc. No. 29.)  Specifically, the magistrate judge concluded that plaintiff's claims brought under the Age Discrimination in Employment Act of 1967 ("ADEA") and the Fair Labor Standards Act ("FLSA") are subject to dismissal with prejudice because those Acts do not provide for individual liability and the CDCR is a state agency that has not waived its sovereign

immunity under the Eleventh Amendment. (*Id.* at 3–4.) The magistrate judge also concluded that plaintiff had failed to cure the defects that the court had previously identified in his attempts to allege claims for emotional distress, "nepotism," "violation of EEOC and EOE Rules and Regulations," and claims brought under Title VII of the Civil Rights Act for national origin discrimination, hostile work environment, and failure to promote. (*Id.* at 4–7.) The magistrate judge recommended that all of plaintiff's claims be dismissed, without leave to amend, with the exception of plaintiff's claim for failure to promote brought against defendant CHMF/CDCR. Although plaintiff has not sufficiently stated this claim in his second amended complaint, the magistrate judge noted that in opposing defendants' motion to dismiss, plaintiff references new evidence that his employer has since filled his sought-after job position three times (i.e., his employer failed to promote him). (*Id.* at 6–7.) In addition, plaintiff attached to his opposition some documentation reflecting his correspondence with the EEOC and Department of Fair Employment and Housing, suggesting that plaintiff might be able to satisfy the administrative exhaustion requirement in order to bring his Title VII failure to promote claim. (*Id.*) Accordingly, the magistrate judge recommended that plaintiff be given one final opportunity to amend his complaint to allege a claim under Title VII against defendant CHMF/CDCR for failure to promote.

   Those pending findings and recommendations were served on the parties and contained notice that any objections thereto were to be filed within fourteen (14) days after service. (*Id.* at 8.) On August 29, 2022, plaintiff filed objections to the findings and recommendations. (Doc. No. 32.) Defendants did not file a response thereto nor objections of their own.

   In his objections, plaintiff argues that the magistrate judge erred "by bogging down the Plaintiff on the basis of procedural technicalities rather than addressing the heart of the injustice that has taken place with regards to the Plaintiff's employment by the Defendant and the numerous injustices suffered by the Plaintiff while employed." (Doc. No. 32 at 16.) Plaintiff contends that the magistrate judge incorrectly concluded that state employees cannot bring ADEA and FLSA claims against their state employer, arguing that "because congress enacted these laws, it can be stated that the Defendant constructively waived their immunity with regards to these

1     claims." (Doc. No. 32 at 10.) Plaintiff is mistaken. As the magistrate judge correctly noted in
2     the pending findings and recommendations, the United States Supreme Court has held that states
3     are immune under the Eleventh Amendment from ADEA and FLSA claims brought by state
4     employees. (Doc. No. 30 at 3–4) (citing cases); *see also Kimel v. Fla. Bd. of Regents*, 528 U.S.
5     62, 91 (2000) (holding "that, in the ADEA, Congress did not validly abrogate the States'
6     sovereign immunity to suits by private individuals"); *see also Stilwell v. City of Williams*, 831
7     F.3d 1234, 1245 (9th Cir. 2016) ("[*Kimel*'s] holding, combined with the fact that the ADEA does
8     not allow suits against individuals (and thus does not allow suits against state officials or
9     supervisors), means that state employees may not bring claims under the ADEA"). Plaintiff's
10    objections with regard to his other claims merely repeat the arguments he presented in opposition
11    to defendants' motion to dismiss, and those arguments have already been properly rejected in the
12    findings and recommendations. Accordingly, petitioner's objections provide no basis upon which
13    to reject the pending findings and recommendations.
14         Notably, plaintiff also contends that his allegations are sufficient to state his failure to
15    promote claim and that he does not need to satisfy the administrative exhaustion prerequisites in
16    order to maintain this claim. (Doc. No. 32 at 6–14.) Here too, plaintiff is mistaken. Although
17    there are some exceptions to the administrative exhaustion requirements under Title VII, plaintiff
18    has not identified any exception that would apply in this case. Thus, plaintiff will be granted one
19    final opportunity to amend his complaint to allege a failure to promote claim against defendant
20    CHMF/CDCR. All other claims will be dismissed without leave to amend, and defendant Nelson
21    will be dismissed from this action because, as the magistrate judge correctly explained, "plaintiff
22    cannot bring a Title VII claim against his supervisor, Nelson" for failure to promote. (Doc. No.
23    30 at 7.) Finally, the undersigned reminds plaintiff of the magistrate judge's appropriate direction
24    that, ""[i]f plaintiff files a Third Amended Complaint bringing this claim, he should attach all
25    related EEOC paperwork, including the charge itself, and explain why he filed the EEOC charge
26    when he did Plaintiff." (*Id.*)
27         In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this court has conducted a
28    *de novo* review of the case. Having carefully reviewed the entire file, including plaintiff's

objections, the court concludes that the findings and recommendations are supported by the record and proper analysis.

Accordingly,

1. The findings and recommendations issued on August 16, 2022 (Doc. No. 30) are adopted in full;
2. The motion to dismiss filed on behalf of defendants Andrew Nelson III and California Healthcare Medical Facility (Doc. No. 20) is granted, in part;
    a. Plaintiff's Title VII failure to promote claim brought against defendant California Healthcare Medical Facility is dismissed with leave to amend;
    b. All other claims are dismissed without leave to amend;
3. Defendant Andrew Nelson III is dismissed from this action;
4. Within thirty (30) days from the date of this order, plaintiff may file a third amended complaint to allege a Title VII failure to promote claim against defendant California Healthcare Medical Facility;
5. Plaintiff is warned that his failure to file a third amended complaint will result in dismissal of this action due to his failure to state a cognizable claim for relief;
6. The Clerk of the Court is directed to update the docket to reflect that defendant Andrew Nelson III has been terminated as a named defendant in this action; and
7. This matter is referred back to the assigned magistrate judge for further proceedings.

IT IS SO ORDERED.

Dated: **January 24, 2023**

_Dale A. Drozd_
UNITED STATES DISTRICT JUDGE