1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   RAIMI SHOAGA,                              No.  2:21-cv-01953 DAD CKD PS

12                    Plaintiff,

13           v.                                 FINDINGS AND RECOMMENDATIONS

14   CALIFORNIA HEALTH CARE
     MEDICAL FACILITY,
15
                     Defendant.
16

17

18       In this fee-paid action, plaintiff Shoaga, proceeding pro se, asserts a Title VII failure to

19   promote claim against defendant California Healthcare Medical Facility (CHMF).[1]  After his first

20   two amended complaints were dismissed[2], plaintiff's Third Amended Complaint is now before

21   the court.  (ECF No. 35, TAC.)  Defendant has moved to dismiss the TAC, and the motion is fully

22   briefed and submitted on the papers.  (ECF Nos. 36, 38, 40, 41 & 42.)  For the reasons set forth

23   below, the undersigned will recommend that defendant's motion be granted.

24   ////

25   _____

26   [1] On January 25, 2023, codefendant Andrew Nelson III was dismissed from this action.  (ECF
     No. 34.)

27

28   [2] Plaintiff filed a First Amended Complaint shortly after his original complaint, superseding it,
     such that the FAC was the first pleading served in this action.  (ECF Nos. 1, 3 & 8.)

                                                    1

1      I.      The Third Amended Complaint

2          In the complaint before the court, plaintiff asserts that he was subject to employment

3      discrimination "on the basis of age and national origin[.]" (TAC, ¶ 1.)  He alleges as follows:

4          Plaintiff has worked as a radiologic technologist at CHMF since 2016 and has over twenty

5      years' experience as a radiographer, including hospital and clinic experience prior to joining

6      CHMF in 2016.  (Id., ¶ 7.)  In 2017, after the senior radiologic technologist resigned, radiology

7      manager Andrew Nelson "chose a replacement for the job who does not meet the qualification of

8      [Senior] Rad Tech, [was] not a state employee at the time, . . . [and] has no Fluoroscopy License

9      which is a prerequisite for the job."  (Id., ¶¶ 8, 10.)  The job opening was not posted in the jobs

10     bulletin or institutional email as required, and there was no selection process.  (Id., 9.)

11
12              There was no other basis for this hiring other than to unjustifiably
                replace the Plaintiff for no other reason than his age and national
                origin as there was no legitimate purpose for this hiring in any
13              manner whatsoever based on the totality of the facts and
                circumstances of this case thereby establishing a prima facie case of
14              discrimination.

15     (Id., ¶ 11.)

16         Plaintiff "was the only state radiologic technician at CHMF during this period."  (Id., ¶

17     12.)  Plaintiff characterizes the "hiring of a less qualified worker" as unexplained, malicious,

18     unfair, and insulting.  (Id., ¶ 12.)  He alleges that CHMF "filled his sought-after job position three

19     times (i.e., the CMCF failed to promote him more than once)."  (Id., ¶ 18.)  He seeks injunctive

20     relief in the form of "restoration of Plaintiff's position and the Defendant to desist from further

21     unequal treatment."  (Id. at 8.)

22     II.      Motion to Dismiss

23         In order to survive dismissal for failure to state a claim pursuant to Rule 12(b)(6), a

24     complaint must contain more than a "formulaic recitation of the elements of a cause of action"; it

25     must contain factual allegations sufficient to "raise a right to relief above the speculative level."

26     Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007).  "The pleading must contain something

27     more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable

28     right of action."  Id., quoting 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp.

2

1   235-236 (3d ed. 2004).  "[A] complaint must contain sufficient factual matter, accepted as true, to

2   'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)

3   (quoting Twombly, 550 U.S. at 570).  "A claim has facial plausibility when the plaintiff pleads

4   factual content that allows the court to draw the reasonable inference that the defendant is liable

5   for the misconduct alleged."  Id.

6          III.    Failure to Promote

7          On January 25, 2023, all plaintiff's claims in the Second Amended Complaint (SAC) were

8   dismissed without leave to amend except his failure to promote claim, which was dismissed with

9   leave to amend.  (ECF No. 34 at 3.)  In that order, the district judge explained that "plaintiff will

10  be granted one final opportunity to amend his complaint to allege a failure to promote claim

11  against defendant CHMF/CDCR."  (Id.)

12         In order to make prima facie case for a Title VII failure to promote claim, a plaintiff must

13  show that (1) he belongs to a protected class; (2) he applied for and was qualified for the position

14  he was denied; (3) he was rejected despite his qualifications; and (4) the employer filled the

15  position with an employee not of plaintiff's class, or continued to consider other applicants whose

16  qualifications were comparable to plaintiff's after rejecting plaintiff.  Henry v. McDonough, 2021

17  WL 6052409, **8-9 (D. Hawai'i Dec. 21, 2012), citing Dominguez-Curry v. Nevada Transp.

18  Dept., 424 F.3d 1027, 1037 (9th Cir. 2005).

19         Here, plaintiff asserts that he was subject to discrimination "on the basis of age and

20  national origin[.]"[3]  (TAC, ¶ 1.)  Although the TAC alleges in conclusory fashion that plaintiff is

21  a member of a protected class on the basis of national origin, the complaint does not identify his

22  national origin, nor does it allege that the person hired as Senior Radiologic Technician in 2017

23  was of a different national origin than plaintiff.  Thus, plaintiff does not allege facts showing that

24  he belonged to a protected class, nor that the employer filled the position with an employee not of

[3] In its order dismissing the FAC, the court explained that plaintiff's age discrimination claim
against CDCR was not cognizable because individuals cannot bring actions under the ADEA
against states that have not waived sovereign immunity.  Stilwell v. City of Williams, 831 F.3d
1234, 1245 (9th Cir. 2016), citing Ahlmeyer, 555 F.3d at 1060.  (ECF No. 18 at 3.)

3

1  plaintiff's class.  See Ng v. Paulson, No. CV 09-3954-AG, 2009 WL 8587896, at *3 (C.D. Cal.

2  Sept. 15, 2009) (dismissing Title VII complaint where plaintiff "fails to establish that he is a

3  member of a protected class.  Specifically, Plaintiff's Complaint contains no factual allegations of

4  Plaintiff's purported disability. And the Complaint contains no facts to suggest that any of the

5  alleged conduct is related to Plaintiff's purported disability.").

6          The TAC also fails to allege that plaintiff "applied for" the position of Senior Radiologic

7  Technician on any of three alleged occasions that defendant failed to promote him.  The only

8  details about the hiring process concern the 2017 incident, where the job opening was allegedly

9  "not posted in the job bulletin or institutional email."  Plaintiff does not allege that he "applied

10  for" the job at any time during the alleged period of discrimination (from 2017 to an unspecified

11  date), nor that any such application was rejected "despite his qualifications."  Rather, the TAC

12  recounts plaintiff's observation that a less-qualified person was hired for a job he wanted in 2017,

13  and possibly two times afterwards.  The mere wish to be considered for a job that ultimately goes

14  to someone else is not sufficient for a failure-to-promote claim.

15          Finally, plaintiff's conclusory assertion that "[t]here was no other basis for [the 2017]

16  hiring other than to unjustifiably replace the Plaintiff for no other reason than his age and national

17  origin as there was no legitimate purpose for this hiring" does not "contain sufficient factual

18  matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft, 556

19  U.S. at 678 (2009).  In short, the TAC fails to state a cognizable claim.  Despite two opportunities

20  to cure the deficiencies in his complaint, plaintiff has failed to do so, and it appears that further

21  amendment would be futile.  Thus the undersigned will recommend dismissal of this action.

22          IV.     Exhaustion of Remedies

23      In the August 16, 2022, findings and recommendations, the undersigned explained that,

24  before filing a Title VII claim in federal court, a plaintiff must first pursue available

25  administrative remedies and file a timely complaint with the EEOC.  Deravin v. Kerik, 335 F.3d

26  195, 200 (2nd Cir. 2003).  Pursuant to 42 U.S.C. § 2000e-5(e)(1), a Title VII plaintiff must file a

27  charge with the EEOC within 300 days "after the alleged unlawful employment practice

28  occurred" if it occurred in a State that has an entity with the authority to grant or seek relief with

1    respect to the alleged unlawful practice and the employee initially filed a grievance with that

2    agency.  Nat'l R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 109 (2002).  A claim is time-

3    barred if it is not filed within this time limit.  Id.  Where a claim is based on discrete acts, "[a]

4    discrete retaliatory or discriminatory act 'occurred' on the day that it 'happened[ ]'" and

5    therefore, a party "must file a charge within . . . 300 days of the date of the act or lose the ability

6    to recover for it."  Id. at 110.

7         From materials submitted in connection with the SAC, it was unclear whether plaintiff

8    had filed an EEOC charge within 300 days of the 2017 event in which defendant allegedly

9    discriminated against him.  Accordingly, in his order granting leave to file a TAC, the district

10   judge instructed plaintiff to "attach all related EEOC paperwork, including the charge itself, and

11   explain why he filed the EEOC charge when he did."  (ECF No. 34 at 3.)

12        Here as before, plaintiff attaches materials related to an unspecified 2020 EEOC charge,

13   including an August 3, 2021, right-to-sue letter.  (ECF No. 35 at 9.)  However, it is not clear how

14   this EEOC charge relates to the alleged 2017 incident—the only failure-to-promote scenario

15   described in any detail in the TAC.  Plaintiff did not follow the court's instructions, nor has he

16   provided any evidence that he filed an EEOC charge about the 2017 incident within 300 days,

17   such that his claim is not time-barred.  For this additional reason, the TAC should be dismissed

18   without leave to amend.

19        Accordingly, IT IS HEREBY RECOMMENDED THAT:

20        1.  Defendant's motion to dismiss (ECF No. 36) be granted;

21        2.  The Third Amended Complaint be dismissed for failure to state a claim; and

22        3.  The Clerk of Court be directed to close this case.

23        These findings and recommendations are submitted to the United States District Judge

24   assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days

25   after being served with these findings and recommendations, any party may file written

26   objections with the court and serve a copy on all parties.  Such a document should be captioned

27    "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that

28   ////

1  failure to file objections within the specified time may waive the right to appeal the District

2  Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

3  Dated:  May 23, 2023

4  _____
   CAROLYN K. DELANEY

5  UNITED STATES MAGISTRATE JUDGE

6

7

8  2 / shoaga1953.mtd_TAC

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28