UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAIMI SHOAGA,<br><br>        Plaintiff,<br><br>    v.<br><br>ANDREW NELSON III, et al.,<br><br>        Defendants. | No. 2:21-cv-01953-DAD-CKD (PS)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND GRANTING DEFENDANT'S MOTION TO DISMISS THIS ACTION DUE TO PLAINTIFF'S FAILURE TO STATE A COGNIZABLE CLAIM<br><br>(Doc. Nos. 36, 43) |

Plaintiff Raimi Shoaga, proceeding *pro se*, initiated this civil action on October 21, 2022. (Doc. No. 1.) This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On July 25, 2023, the court granted defendants' motion to dismiss plaintiff's second amended complaint, in part, and dismissed all of plaintiff's claims without leave to amend except plaintiff's Title VII failure to promote claim brought against defendant California Healthcare Medical Facility, which was dismissed with leave to amend. (Doc. No. 34 at 4.) In addition, because plaintiff's allegations failed to establish that he had satisfied the administrative exhaustion requirements under Title VII, including filing a charge with the Equal Employment Opportunity Commission ("EEOC") within 300 days of the alleged unlawful employment incident, the court reminded plaintiff that if he "files a Third Amended Complaint bringing this

claim, he should attach all related EEOC paperwork, including the charge itself, and explain why he filed the EEOC charge when he did." (*Id.* at 3.)

On February 16, 2023, plaintiff filed a third amended complaint ("TAC") alleging that defendant failed to promote him on the basis of his age and national origin in 2017. (Doc. No. 35.) Plaintiff attached to his TAC a few letters from the EEOC, but those letters are dated July 6 and August 3, 2021—well beyond the 300-day deadline for administrative exhaustion under Title VII for an alleged unlawful employment incident that occurred in 2017. (*See id.* at 9–11.) In addition, despite guidance from the court in its orders dismissing plaintiff's first amended complaint and the second amended complaint, the TAC does not include any allegations identifying plaintiff's national origin, nor the national origin of the allegedly less qualified individual that was hired for the position plaintiff had desired, which are necessary elements for a failure to promote claim predicated on alleged discrimination based on national origin. (*Id.*)

Consequently, on May 23, 2023, the assigned magistrate judge issued findings and recommendations recommending that defendant's motion to dismiss plaintiff's TAC be granted and this action be dismissed due to plaintiff's failure to state a cognizable claim. (Doc. No. 43.) The pending findings and recommendations were served on the parties and contained notice that any objections thereto were to be filed within fourteen (14) days after service. (*Id.* at 5.) On June 9, 2023, plaintiff filed objections to the findings and recommendations. (Doc. No. 43.) Defendant did not file a response thereto nor objections of its own.

In his objections, plaintiff first argues that the magistrate judge erred by "disregard[ing] the section of the complaint whereby plaintiff identifies himself to be of a Nigerian National Origin from West Africa." (Doc. No. 44 at 2, 8.) However, the undersigned has carefully reviewed the TAC and there is no such "section" or allegation identifying plaintiff to be of Nigerian national origin in it. Plaintiff next states in conclusory fashion that he has satisfied the administrative exhaustion requirement and "it is clear that the plaintiff filed a claim with the EEOC." (*Id.* at 3, 13.) But plaintiff does not address the 300-day deadline for filing a charge with the EEOC nor acknowledge that the EEOC letters attached to the TAC are dated from the summer of 2021, several years after the alleged failure to promote incident that occurred in 2017.

Plaintiff has made no attempt to show that these 2021 EEOC letters relate in any way to the alleged incident in 2017 or that he has otherwise satisfied the exhaustion requirement under Title VII to bring the claim alleged in his TAC, which is based solely on defendant's alleged failure to promote him in 2017. Thus, plaintiff's objections do not provide any basis upon which to reject the findings and recommendations.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this court has conducted a *de novo* review of the case. Having carefully reviewed the entire file, including plaintiff's objections, the court concludes that the findings and recommendations are supported by the record and proper analysis.

Accordingly,

1. The findings and recommendations issued on May 23, 2023 (Doc. No. 43) are adopted in full;
2. Defendant's motion to dismiss (Doc. No. 36) is granted;
3. This action is dismissed due to plaintiff's failure to state a cognizable claim; and
4. The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated:   **June 27, 2023**           _____
                                     UNITED STATES DISTRICT JUDGE

3